UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHANNON,<br><br>             Plaintiff,<br><br>     v.<br><br>COUNTY OF SACRAMENTO, DR. MICHAEL FOX, DR. RICHARD BAUER, DOES 1 to 20,<br><br>             Defendants. | No. 2:13-cv-01834 TLN CKD<br><br>**ORDER** |

This matter is before the Court on two motions to dismiss Plaintiff's Complaint brought by Defendant County of Sacramento and individual Defendants Dr. Fox and Dr. Bauer. (ECF Nos. 7, 8.) Plaintiff filed a joint opposition to both motions, (ECF No. 11), and Defendants filed replies, (ECF Nos. 13, 15). Finding that oral argument would not be of material assistance, *see* E.D. Cal. L.R. 230(g), the matter was submitted on the briefs, (ECF No. 21). For the reasons set forth below, Defendants' motions are GRANTED IN PART.

**I. BACKGROUND**

Plaintiff's complaint is far from a model of clarity, but he appears to assert therein claims for relief arising from two separate incidents involving medical treatment while Plaintiff was in custody. The first incident occurred in 2010 while Plaintiff was in custody in Manteca and

concerned the treatment of an elbow injury. The second incident, which concerned plaintiff's food, occurred in 2011 while Plaintiff was in custody at the Sacramento County Jail. Plaintiff through this action sues Sacramento County as well as his treating physicians, Dr. Fox and Dr. Bauer. Plaintiff sues for damages while alleging his injuries arising from these incidents constituted a deprivation of his constitutional rights in violation of 42 U.S.C. § 1983, *inter alia*. These incidents are discussed separately in turn below.

### A. Elbow Injury

It appears from the complaint that Plaintiff's right elbow was somehow injured in December 2009. (*See* Compl. 2:9–12, ECF No. 2 (stating that Plaintiff's treatment was delayed from "December[] 2009 until April 15, 2010").) It also appears that Plaintiff underwent some sort of treatment (possibly surgery) by "prison authorities in a Manteca medical facility" in April of 2010 "to remove . . . shattered bone pieces and broken hardware" from his elbow, and to "put in new hardware to repair [his] right elbow." (*Id.* at 2:7–10.) Plaintiff asserts that as a result of what he characterizes as a "delay in treatment," "3 ½ inches of humerus bone tissue . . . disappeared" from his arm. (*Id.* at 2:9–10.) Plaintiff alleges certain unidentified doctors "tried to use bone putty to repair and replace the lost bone tissue," but these efforts were "unsuccessful," and plaintiff "may have to have his elbow replaced with an artificial elbow." (*Id.* at 2:10–12.)

### B. Foot Injury

At some point before being incarcerated in September of 2011, Plaintiff stepped on a rock and injured his foot. Also before September of 2011, Plaintiff was treated by a doctor at the Veteran's Administration Hospital in San Francisco, Giang Son. Dr. Son advised Plaintiff "that he should receive a walking hard cast which should be non-weight bearing." (Compl. 1:23–26.) When Plaintiff was incarcerated in Sacramento County Jail, he told Dr. J. Abshire about a "foot surgery" and requested the jail doctors "look at his foot concerning his cast." (*Id.*) Moreover, he gave his treating doctors at the Sacramento County facilities a letter that memorialized the advice he had received from Dr. Son from the Veteran's Administration Hospital in San Francisco.

Despite the advice Plaintiff received from Dr. Son, Dr. Bauer at the Sacramento County facilities "gave the plaintiff [a] pair of scissors and advised him to cut his own cast off and walk

2

1  around the room without a support boot, a cane, or any support whatsoever." (Compl. 1:27–28.)
2  Plaintiff alleges he was then "transferred to Rio Consumnes Correction Center without proper
3  foot support" at which point "the hardware in his left foot . . . fell apart and his foot became
4  infected." (*Id.* at 2:1–3.)

## II. STANDARD

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint . . . ." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

#### A. State Law Claims

Plaintiff's complaint asserts various claims under California law. (*See* Compl. 3:16–20, ECF No. 2 (citing Cal. Gov't Code §§ 815.2, 845.6); *id.* at 6:4 (citing Cal. Civil Code §§ 3333, *et seq.*).) Defendants move to dismiss these claims arguing "Plaintiff has failed to allege timely compliance with the [California] Tort Claims Act's pre-lawsuit presentation of a claim

requirement or rejection by the government[] agency." (Mem. P. & A. in Supp. of Mot. to Dismiss Compl. ("County's Mot. to Dismiss") 10:1–5, ECF No. 7-1; *accord* Notice of Mot. & Mot. to Dismiss Compl.; Mem. P. & A. in Supp. ("Dr. Fox's Mot. to Dismiss") 5:25–6:8, ECF No. 8.)

The California Tort Claims Act is "an act waiving in some instances the sovereign immunities of certain public entities." *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969). Thus, to state a claim for damages against a public entity or its employee under California law, the plaintiff must first file a claim with that public entity under the California Tort Claims Act, Cal. Gov't Code §§ 810 *et seq.* "The timely filing of a claim is an essential element of the cause of action against a public entity" or its employee. *Godfrey v. Ross*, No. 2:11-cv-2308 WBS, 2011 WL 6012607, at *2 (E.D. Cal. Dec. 1, 2011) (citing *State v. Superior Court*, 32 Cal. 4th 1234, 1240–41 (2004); *Willis*, 418 F.2d at 704).

Here, review of Plaintiff's complaint reveals that Plaintiff has not alleged compliance with the California Tort Claims Act. Therefore, Defendants' respective Motions to Dismiss Plaintiff's state law claims are GRANTED, and these claims are DISMISSED WITH LEAVE TO AMEND.

### B.     Constitutional Claims

#### 1. *Claims Against the County of Sacramento*

##### a. *Claims for Punitive Damages*

Plaintiff seeks "Exemplary and Punitive Damages" from Defendants, including the County of Sacramento. (Compl. 8:10.) Defendant Sacramento County moves for dismissal of Plaintiff's complaint to the extent it seeks punitive damages from the County, arguing: "a public entity cannot be sued under § 1983 for punitive damages." (County's Mot. to Dismiss 5:25–27, ECF No. 7-1 (citing *Nuveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1183 (E.D. Cal. 2005)).)

Since "a municipality is immune from punitive damages under 42 U.S.C. § 1983," *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981), to the extent Plaintiff seeks punitive damages from the County of Sacramento, Defendant's Motion to Dismiss is GRANTED, and Plaintiff's claims for punitive damages are DISMISSED WITH PREJUDICE.

///

                b. *Monell Liability*

Plaintiff seeks damages from the County of Sacramento, asserting various constitutional claims, under 42 U.S.C. § 1983. Defendant County of Sacramento moves to dismiss these claims, arguing: "Plaintiff has failed to allege any facts or identify a single policy that would allow this [C]ourt to infer that the COUNTY has a policy that amounted to deliberate indifference to a plaintiff's constitutional rights, as required for municipal liability under *Monell*." (County's Mot. to Dimiss 4:11–13, ECF No. 7-1.) Plaintiff counters that he "quote[s] the magic words of 'official' policy against each defendants," and that he properly alleges a *Monell* violation. (Opp'n to Joint Mots. to Dismiss 3:1–14, ECF No. 11.)

"Section 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on *respondeat superior* liability." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). "Instead, plaintiffs must establish that 'the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation they suffered.'" *Id.* (internal alteration omitted) (quoting *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007)). Moreover, "a bare allegation that government officials' conduct conformed to some unidentified government policy or custom" is insufficient to state a claim under § 1983 against a municipality; instead, plaintiffs' complaint must include "factual allegations that . . . plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* at 637 (internal quotation marks omitted) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

Here, Plaintiff's complaint does not contain any allegation that his injuries were the result of a "policy, custom, or practice" on the part of the County of Sacramento. Therefore, this portion of Defendants' Motion to Dismiss is GRANTED, and these claims are DISMISSED WITH LEAVE TO AMEND.

                **2. *Remaining Claims Against Individual Defendants***

Plaintiff's complaint is silent as to whether he is suing Dr. Fox or Dr. Bauer in their official or individual capacities. However, this Court construes the complaint to assert claims

against Dr. Fox and Dr. Bauer in their individual capacities since Plaintiff seeks damages under 42 U.S.C. § 1983. *See Blaylock v. Schwinden*, 862 F.2d 1352, 1354 (9th Cir. 1988) ("damage actions brought under 42 U.S.C. § 1983 are generally viewed as suits against the individual").

The first two pages of Plaintiff's complaint recite the factual allegations referenced in the background portion of this opinion; however, the remainder of the complaint is comprised of repetitive and "almost entirely conclusory" allegations of, what Plaintiff contends constitute, constitutional claims. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (holding that Rule 8(a) is violated when a complaint is excessively "verbose, confusing and almost entirely conclusory"); *accord Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding a Rule 8(a) dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings"). Defendant Bauer moves to dismiss a claim of deliberate indifference to Plaintiff's serious medical needs against him. (*See* County's Mot. to Dismiss 6:10–3, ECF No. 7-1.) Defendant Fox moves to dismiss the conspiracy claim asserted against him. (Dr. Fox's Mot. to Dismiss 5:7–22, ECF No. 8.) Defendants also argue Plaintiff's complaint "fails to meet the pleading requirements under Federal Rule of Civil Procedure Rule 8(a)(2)." (*Id.* at 4:21–24.)

The Court reads the allegations contained in Plaintiff's complaint to attempt to assert (a) a section 1983 claim for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment, and (b) a section 1985(3) claim for conspiracy to deprive Plaintiff of his civil rights. These claims are addressed in turn below.

To the extent Plaintiff's Complaint was intended to assert any other claims, those claims are DISMISSED WITH LEAVE TO AMEND, as they violate Rule 8(a)(2)'s requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

    *a. Deliberate Indifference Claim*

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. CONST. amend. VIII. "[O]nly the 'unnecessary and wanton infliction of pain' constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal alteration and quotation marks omitted). To maintain an Eighth Amendment claim

1  under section 1983 based on prison medical treatment, the plaintiff must prove "deliberate
2  indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The Ninth
3  Circuit has articulated a "two part[]" test for deliberate indifference: "First, the plaintiff must
4  show a 'serious medical need," and "[s]econd, the plaintiff must show the defendant's response to
5  the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).
6  "[A]n 'inadvertent or negligent failure to provide adequate medical care' alone does not state a
7  claim under § 1983." *Id.* (alteration omitted) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059
8  (9th Cir. 1991)).  Additionally, "a plaintiff's showing of nothing more than 'a difference of
9  medical opinion' as to the need to pursue one course of treatment over another [is] insufficient, as
10  a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th
11  Cir. 1996).

12  The Court reads Plaintiff's complaint to assert Dr. Bauer acted with deliberate
13  indifference when he failed to provide Plaintiff with a "walking hard cast" for his ankle that was
14  "non-weight bearing," (Compl. 1:24–25, ECF No. 2).  The Court further reads Plaintiff's
15  complaint to assert unidentified medical staff was deliberately indifferent for delaying one week
16  to "remove the shattered bone pieces and broken hardware" from Plaintiff's elbow, (*id.* at 2:7–
17  10).  Instead of providing Plaintiff with a hard cast, Plaintiff alleges Dr. Bauer "advised him to
18  cut his [existing] cast off and walk around . . . without a support boot, a cane or any support
19  whatsoever." (*Id.* at 1:24–26.)  Plaintiff argues he "now has permanent disabilities due to the lack
20  of immediate and adequate medical care." (Opp'n to Joint Mots. to Dismiss 2:6–7, ECF No. 11.)
21  Defendants contend these allegations "at most establish that one medical provider . . . opined that
22  a hard cast was necessary . . . at some point in time, and that DR. BAUER had a different medical
23  opinion," and that a mere "difference of opinion . . . regarding treatment does not give rise to a
24  section 1983 claim." (County's Mot. to Dismiss 6:22–24, 7:6–9, ECF No. 7-1 (citing *Franklin v.*
25  *Or., State Welfare Div.*, 662 F.3d 1337, 1344 (9th Cir. 1981)).)

26  Here, Plaintiff's complaint is devoid of any factual allegations that Dr. Bauer acted
27  intentionally or deliberately to inflict pain in advising Plaintiff to remove his cast or in delaying
28  Plaintiff's surgery one week.  Regarding the treatment of his ankle injury, "[a]t most," Plaintiff

"has raised a difference of opinion regarding his treatment," and "[a] difference of opinion does not amount to a deliberate indifference to [his] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (citing *Randall v. Wyrick*, 642 F.2d 304, 308 (8th Cir. 1981)). Regarding the one-week delay of surgery on Plaintiff's elbow, the "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference." *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Thus, Plaintiff does not meet the standard of deliberate indifference to his serious medical needs required to state a claim under section 1983. *See Estelle*, 429 U.S. at 107. Accordingly, this portion of Defendants' Motions to Dismiss is GRANTED, and to the extent Plaintiff's complaint attempted to assert a section 1983 medical indifference claim, that claim is DISMISSED WITH LEAVE TO AMEND.

### b. Conspiracy Claim

Plaintiff asserts in his complaint that Defendants "conspir[ed] to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States." (Compl. 7:10–11, ECF No. 2.) Defendants move to dismiss this claim arguing *inter alia* Plaintiff fails to allege "racial or class based discriminatory animus." (Dr. Fox's Mot. to Dismiss 5:15–17, ECF No. 8 (citing *Kingele v. Eikenberry*, 849 F.2d 409, 413 (9th Cir. 1988)).)

To state a claim under 42 U.S.C. § 1985(3) for conspiracy to deprive a Plaintiff of his constitutional civil rights, Plaintiff must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Here, as Defendants point out, Plaintiff's complaint is bereft of any allegations of class-based discriminatory animus. Accordingly, this portion of Defendants' Motions to Dismiss is GRANTED, and to the extent Plaintiff's complaint attempted to assert a section 1985(3) conspiracy claim, that claim is DISMISSED WITH LEAVE TO AMEND.

## IV. CONCLUSION

For the stated reasons,

1. Plaintiff's state law claims are DISMISSED WITH LEAVE TO AMEND for failure to allege compliance with the California Tort Claims Act;

9

2. Plaintiff's claims for punitive damages under 42 U.S.C. § 1983 asserted against the County of Sacramento are DISMISSED WITH PREJUDICE;

3. Plaintiff's remaining claims for municipal liability asserted under 42 U.S.C. § 1983 against the County of Sacramento are DISMISSED WITH LEAVE TO AMEND for failure to state a claim for municipal liability under *Monell*;

4. Plaintiff's medical deliberate indifference and section 1985(3) claims are DISMISSED WITH LEAVE TO AMEND for failure to state a claim; and

5. To the extent Plaintiff's complaint was intended to assert any other claims for relief, these CLAIMS ARE DISMISSED WITH LEAVE TO AMEND for violating Rule 8(a)(2)'s requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Moreover, Plaintiff is granted thirty (30) days from the date on which this Order is filed to file an amended complaint in which he addresses the deficiencies in his referenced claims. **Further, Plaintiff is notified that this action may be dismissed with prejudice under Rule 41(b) if he fails to file an amended complaint within the prescribed time period**.

IT IS SO ORDERED

DATED: December 10, 2013

Troy L. Nunley
United States District Judge