1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL SHANNON,                          No.  2:13-cv-01834 TLN CKD

12                Plaintiff,

13        v.                                   **ORDER**

14   COUNTY OF SACRAMENTO, DR.
     MICHAEL FOX, DR. RICHARD
15   BAUER, DOES 1 to 20,

16                Defendants.

17

18        This matter is before the Court on Defendant Dr. Fox's Motion to Dismiss (ECF No. 24)

19   and Defendants County of Sacramento and Dr. Richard Bauer's Motion to Dismiss (ECF No. 25)

20   (collectively "Defendants") Plaintiff Michael Shannon's ("Plaintiff") First Amended Complaint

21   ("FAC") (ECF No. 23).  For the reasons discussed below, the Motions to Dismiss are

22   GRANTED.

23

24   **I.  Factual Allegations**[1]

25        Before being incarcerated in September of 2011, Plaintiff stepped on a rock and injured

26   his foot.  (ECF No. 23 at 2.)  Dr. Giang Son at the Veteran's Hospital in San Francisco treated

27   ───────────────────────

28   [1] The factual allegations are taken from the FAC (ECF No. 23).  On a motion to dismiss, the factual allegations of the
     complaint are assumed to be true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).

                                              1

1   Plaintiff and advised him that he should receive a "walking hard cast" that was non-weight

2   bearing.  (ECF No. 23 at 2.)  During his incarceration, Plaintiff "told Dr. J. Abshire about his foot

3   surgery" and requested that the prison doctors examine his foot.  (ECF No. 23 at 2.)  Plaintiff also

4   gave his treating doctors a letter from Dr. Son regarding the walking hard cast.  (ECF No. 23 at

5   2.)  Plaintiff asserts that medical records will show his foot was broken in several places.  (ECF

6   No. 23 at 2.)

7        On September 7, 2011, Dr. Bauer advised Plaintiff his foot did not need any support, gave

8   him a pair of scissors, and instructed him to cut his cast off and walk around the room.  (ECF No.

9   23 at 2.)  Plaintiff was then transferred to Rio Cosumnes Correctional Center without foot

10  support, where the hardware in his left foot fell apart and his foot became infected.  (ECF No. 23

11  at 2.)

12       From October 19, 2011 to April 17, 2012, Plaintiff filed California Department of

13  Corrections ("CDC") 7362 forms requesting medical care, but these requests were ignored.  (ECF

14  No. 23 at 2.)  Plaintiff alleges that these forms document his "serious pains, his need for

15  immediate medical care, and … the lack of attention by prison medical staff."  (ECF No. 23 at 2.)

16  Plaintiff was later transferred to the Deuel Vocational Institute in California for continued

17  incarceration and medical care.  (ECF No. 23 at 2.)  Plaintiff states he now suffers a serious long

18  term disability due to inadequate medical care while incarcerated.[2]  (ECF No. 23 at 2.)

19

20  **II.  Procedural Background**

21       On October 8, 2012, Plaintiff filed a Governmental Claim for Damages against the City of

22  Citrus Heights, Citrus Heights Police Department, Sacramento County, Sacramento County

23  Sheriff's Department, and the Sacramento County Jail.  (ECF No. 23 at 1.)  On May 24, 2013,

24  Plaintiff filed the original Complaint in the Superior Court of Sacramento.  (ECF No. 2, Ex. A)

25  Defendants removed the matter to federal court on September 5, 2013.  (ECF No. 2.)  This Court

26  ordered the original Complaint be dismissed with leave to amend on December 13, 2013.  (ECF

27

28  _____
    [2] The original Complaint contained allegations regarding an elbow injury.  (*See* ECF No. 1 at 2.) These allegations
    are not present in the FAC.

1   No. 22.)  Plaintiff filed the FAC on January 16, 2014.  (ECF No. 23.)

2          The Court construes the FAC to assert: 1) various state claims under Cal. Government

3   Code §§ 815.2 and 845.6, and Cal. Civ. Code § 3333 (ECF No. 23 at 4, 6); and 2) various claims

4   under 42 U.S.C § 1983 for deliberate indifference to Plaintiff's serious medical needs (ECF No.

5   23 at 5–8).

6

7   **III.  Standard of Review: Motion to Dismiss**

8          Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

9   statement of the claim showing that the pleader is entitled to relief."  On a motion to dismiss, the

10  factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322

11  (1972).  A court is bound to give the plaintiff the benefit of every reasonable inference to be

12  drawn from the well-pleaded allegations of the complaint.  *Retail Clerks Int'l Ass'n v.*

13  *Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  The plaintiff need not allege "'specific facts'

14  beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell*

15  *Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S.

16  506, 508 (2009)).  "A claim has facial plausibility when the pleaded factual content allows the

17  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

18  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Twombly*, 550 U.S. at 556).

19         Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

20  factual allegations."  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

21  1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

22  unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

23  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

24  elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

25  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

26  statements, do not suffice.").  Additionally, it is inappropriate to assume that the plaintiff "can

27  prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that

28  have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of*

1    *Carpenters*, 459 U.S. 519, 526 (1983).

2         Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

3    facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting

4    *Twombly*, 550 U.S. at 570).  While the plausibility requirement is not akin to a probability

5    requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully."

6    *Id*. at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to

7    draw on its judicial experience and common sense."  *Id*. at 679.

8

9    **IV.  Analysis**

10   i.  State law claims

11         The FAC appears to assert claims against all Defendants under Cal. Government Code §§

12   815.2 and 845.6 (ECF No. 23 at 4) and Cal. Civil Code § 3333 (ECF No. 23 at 6).[3]  Under the

13   California Tort Claims Act ("CTCA"), a suit for money or damages may only be brought against

14   a public entity once a written claim has been presented to the entity and the claim has been acted

15   upon or rejected.  Cal. Gov. Code § 945.4.  "Timely compliance with the claim filing

16   requirements and rejection of the claim by the governmental agency must be pleaded in a

17   complaint in order to state a cause of action."  *Dujardin v. Ventura County Gen. Hosp.* 69 Cal.

18   App. 3d 350, 355 (9th Cir. 1977).  If a cause of action against a public entity is barred by the

19   claims statute, an action against the public entity's employees, based on the same injury, is also

20   barred.  Cal. Gov. Code § 950.2; *see also Watson v. State of California*, 21 Cal. App. 4th 836, 843

21   (1993) ("It is well settled that a government claim must be filed with the public entity before a

22   tort action is brought against the public entity or public employee.").

23         With the FAC, Plaintiff attaches a "Government Claim Form," which Plaintiff states was

24   filed on October 8, 2012.  Plaintiff presents no further information regarding the status of this

25   ───────────────────
     [3] Cal. Gov. Code § 845.6 provides: "[A] public employee, and the public entity where the employee is acting within
26   the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of
     immediate medical care and he fails to take reasonable action to summon such medical care."
        Cal. Gov. Code § 815.2(a) provides: "A public entity is liable for injury proximately caused by an act or omission
27   of an employee of the public entity within the scope of his employment if the act or omission would, apart from this
     section, have given rise to a cause of action against that employee or his personal representative."
28      *See* Cal. Civ. Code § 3333 *et seq.*, providing for compensation for negligence in medical treatment.

4

1    claim, including whether it was rejected, whether Plaintiff received compensation, or whether the

2    claim is still under review. Plaintiff does not allege substantial compliance with the CTCA,

3    including compliance with any relevant CTCA statutes of limitations. Because Plaintiff does not

4    address the status of his administrative claim, the state law claims are dismissed with leave to

5    amend.

6    ii. Constitutional claims

7        a.   Claims against the County of Sacramento[4]

8        "Section 1983 suits against local governments alleging constitutional rights violations by

9    government officials cannot rely solely on respondeat superior liability." *AE* ex. rel. *Hernandez*

10   *v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). "Instead, plaintiffs must establish that 'the

11   local government had a deliberate policy, custom, or practice that was the moving force behind

12   the constitutional violation they suffered.'" *Id*. (internal alteration omitted) (quoting *Whitaker v.*

13   *Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007)). "[A] bare allegation that government officials'

14   conduct conformed to some unidentified government policy or custom" is insufficient to state a

15   claim under § 1983 against a municipality; instead, plaintiffs' complaint must include "factual

16   allegations that … plausibly suggest an entitlement to relief, such that it is not unfair to require

17   the opposing party to be subjected to the expense of discovery and continued litigation." *Id*. at

18   637 (internal quotation marks omitted) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.

19   2011)).

20       Plaintiff states he has records of "approximately 50 separate pages of Request [sic] for

21   Health Care Services" that he submitted while incarcerated. (ECF No. 23 at 2.) Plaintiff states

22   these requests document his serious pains, his need for immediate medical care, and confirm the

23   lack of medical attention provided to him by prison medical staff. (ECF No. 23 at 2.) Plaintiff

24   appears to argue that these requests constitute sufficient allegations of a "policy, custom, or

25   practice" on the part of Sacramento County to fail to address serious medical needs. (ECF No. 23

26   at 2.) However, Plaintiff does not attach these requests or portions thereof to his pleadings. Nor

27

28   _____

     [4] The Court's prior Order (ECF No. 22 at 5) dismissed with prejudice Plaintiff's claims for punitive damages against
     the County of Sacramento.

1    does Plaintiff detail these requests.  Without more, these allegations are insufficient to state a

2    claim that Plaintiff's injuries resulted from a policy, custom, or practice on the part of Sacramento

3    County.  Therefore, to the extent the FAC brings § 1983 claims against the County of

4    Sacramento, these claims are dismissed with leave to amend.

5         b.   Remaining claims against Dr. Fox and Dr. Bauer

6              1.   Individual vs. official capacity

7         The FAC does not state whether Plaintiff brings suit against Defendants Dr. Bauer and Dr.

8    Fox in their individual or official capacities.  The Court construes the FAC as bringing suit

9    against these Defendants in their individual capacities since Plaintiff seeks damages under 42

10   U.S.C. § 1983.  *See Blaylock v. Schwinden*, 862 F.2d 1352, 1354 (9th Cir. 1988) ("damage

11   actions brought under 42 U.S.C. § 1983 are generally viewed as suits against the individual").

12   Insofar as Plaintiff intends to bring suit against Defendants in their official capacities, such claims

13   must be supported by the existence of a policy, custom, or practice on the part of the

14   governmental entity.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[I]n an official-

15   capacity suit, the entity's policy or custom must have played a part in the violation of the federal

16   law.") (internal quotations omitted).  Simply put, Plaintiff has to allege the existence of a policy,

17   custom, or practice if he wishes to sue the individual Defendants in their official capacities.

18             2.   Punitive damages

19        Punitive damages are recoverable in a § 1983 suit where Defendant's conduct is motivated

20   by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's

21   federally protected rights.  *Smith v. Wade*, 461 U.S. 30 (1983).  Plaintiff alleges that Dr. Bauer

22   advised him his foot did not need any support, gave him a pair of scissors, and instructed him to

23   cut his cast off and walk around the room.  (ECF No. 23 at 2.)  The FAC does not specify any

24   conduct attributable to Dr. Fox.[5]  Such allegations do not constitute a plausible claim that Dr. Fox

25   or Dr. Bauer were motivated by an evil motive or intent, or acted with reckless or callous

26   indifference to Plaintiff's serious medical needs.  Therefore, to the extent that Plaintiff seeks

27   ─────────────────────
     [5] Plaintiff states in his Opp'n to Dr. Fox's Motion to Dismiss (ECF No. 30 at 2) that Dr. Fox denied him surgery on
     April 18, 2012, which could have prevented permanent harm to Plaintiff.
28

6

1    punitive damages against these Defendants, the claims are dismissed with leave to amend.

2         3.    Deliberate indifference

3         Under § 1983, to maintain an Eighth Amendment claim based on prison medical

4    treatment, an inmate must show a "serious medical need" and that "defendant's response to the

5    need was deliberately indifferent." *Jeff v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing

6    *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).[6]  Additionally, "a plaintiff's showing of nothing

7    more than 'a difference of medical opinion' as to the need to pursue one course of treatment over

8    another [is] insufficient, as a matter of law, to establish deliberate indifference." *Jackson v.*

9    *McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.

10   1989).

11        As discussed, Plaintiff alleges that at Sacramento County Jail, Dr. Bauer gave Plaintiff a

12   pair of scissors and advised him to cut off his cast and walk around the room without any support.

13   (ECF No. 23 at 7.)  Plaintiff alleges Dr. Bauer advised him he needed no support for his foot.

14   (ECF No. 23 at 7.)  After Plaintiff was transferred to Rio Consumnes Correction Center, the

15   hardware in his left foot fell apart and his foot became infected.  (ECF No. 23 at 7.)  Plaintiff

16   alleges that at some point Dr. Fox denied him surgery.  (ECF No. 30 at 2.)  Plaintiff states that he

17   now suffers a permanent disability.  (ECF No. 23 at 2.)  Plaintiff states that a doctor from the

18   Veteran's Administration told him the physicians who treated Plaintiff while he was incarcerated

19   were seriously negligent.  (ECF No. 23 at 2.)

20        These allegations do not materially differ from the allegations in Plaintiff's original

21   Complaint (ECF No. 2), which this Court dismissed because Plaintiff only "raised a difference of

22   opinion regarding his treatment," and "[a] difference of opinion does not amount to a deliberate

23

24   ---
     [6] The FAC additionally references the Fifth and Fourteenth Amendments of the U.S. Constitution but does not argue
     that a separate analysis under these Amendments is warranted.  In sum, the FAC brings the following claims: 1)
     deprivation of civil rights; 2) detention and confinement without providing proper and necessary medical care; 3)
25   negligence in medical treatment of the plaintiff; and 4) neglecting to prevent permanent injury by denial of proper
     medical care.  For each claim, Plaintiff references the U.S. Supreme Court's analysis under the Eighth Amendment in
26   *Estelle*, 429 U.S. 97.  To the extent that the FAC attempts to raise other claims, Plaintiff must comply with the
     requirements of Fed. R. Civ. Proc. 8(a).  For example, in claim four, Plaintiff references a possible claim for
27   conspiracy to deprive him of constitutional rights, in violation of § 1983, but provides no factual allegations or
     arguments to support this claim.  (*See* ECF No. 23 at 8.)
28

                                        7

1  indifference to [his] serious medical needs." *Sanchez,* 891 F.2d at 242 (citing *Randall v. Wyrick*,

2  642 F.2d 304, 308 (8th Cir. 1981)).[7]  Therefore Plaintiff does not meet the standard for a claim of

3  deliberate indifference to his serious medical needs in violation of § 1983.  To the extent that the

4  FAC asserts such a claim, it is dismissed with leave to amend.

5

6  **V.  Conclusion**

7  • Defendants' Motions to Dismiss (ECF Nos. 24, 25) Plaintiff's First Amended

8     Complaint (ECF No. 23) are GRANTED.

9  • Plaintiff is given leave to amend.  Plaintiff is granted 30 days from the date on which

10     this Order is filed to file an amended complaint in which he is to address the

11     deficiencies in the referenced claims.

12  • Plaintiff is advised that with respect to a future amended complaint, leave to amend

13     may be denied "where a plaintiff has repeatedly failed to cure deficiencies by

14     amendments previously allowed." *Dutciuc v. Meritage Homes of Arizona, Inc.*, 462 F.

15     App'x 658, 660 (9th Cir. 2011) (internal quotations omitted).

16  • Plaintiff is further notified that this action may be dismissed with prejudice under Rule

17     41(b) if he fails to file an amended complaint within the prescribed time period.

18

19  Dated: July 26, 2014

20

21

22  Troy L. Nunley
    United States District Judge

23

24

25

26

27  [7] *See also Estelle*, 429 U.S. 97 at 107 (considering a Texas prisoner's § 1983 action for deliberate indifference to medical needs: "[a]t most it is medical malpractice, and as such the proper forum is the state court under the Texas Tort Claims Act.").

28

8