UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHANNON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO; DR. MICHAEL; DR. RICHARD BAUER; and DOES 1 through 20,<br><br>　　　　Defendants. | No. 2:13-cv-1834-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on motions to dismiss by Defendants Dr. Robert Fox (ECF No. 37), County of Sacramento, and Dr. Richard Bauer (ECF No. 38). Defendants seek to dismiss Plaintiff Michael Shannon's Second Amended Complaint ("SAC"). (ECF No. 35.) For the reasons set forth below, the motions to dismiss are GRANTED IN PART and DENIED IN PART.

**FACTS**

The Court summarizes the allegations in the SAC as follows. Plaintiff injured his left foot by stepping on a rock in November 2011. Plaintiff underwent surgery in July 2011 which involved putting 4 screws and a 2-by-4 inch plate on his left foot. (SAC at 12.) His doctor from the Veteran's Administration ("VA") Hospital "advised him via letter that he should receive a

1

walking hard cast which should be non-weight bearing." (SAC at 2.)  Plaintiff became incarcerated, first at the Sacramento County Jail in September 2011.  While incarcerated, Plaintiff gave the letter from the VA doctor to his treating doctors at the jail, including Defendant Dr. Fox. (SAC at 2.)  Plaintiff also states that Dr. Fox was a primary doctor treating and responsible for supervising Plaintiff's care.  (SAC at 5.)

On September 7, 2011, Defendant Dr. Bauer "gave the [P]laintiff a pair of scissors and advised him to cut his own cast off and walk around the room without a support boot, a cane or any support whatsoever.  Dr. Bauer advised Plaintiff that he did not need any support for his foot."  (SAC at 3.)  Plaintiff had also brought a "Cam boot" and a "bone stimulator machine" into County jail, given to him by VA doctors.  After Plaintiff took off his cast, Dr. Bauer told Plaintiff he did not need either of these items, and that Plaintiff should discontinue use of his cane.  (SAC at 12–13.)  Plaintiff was then transferred to Rio Consumnes Correctional Center, where the hardware in his foot fell apart and his foot became infected.  (SAC at 3.)

Plaintiff was transferred in October 2011 to the Deuel Vocational Institute.  Beginning in October 2011 through April 2012 Plaintiff requested medical attention in jail "several times weekly" and such requests were ignored.  While incarcerated, Plaintiff also filed appeals regarding denial of proper medical care which were rejected.  (SAC at 2–4.)  Plaintiff requested surgery to fix his foot in February 2012; that request was denied without explanation.  (SAC at 4.)  Dr. Fox was responsible to some degree for the "repeated and consistent denial of Plaintiff's requests for medical care" during Plaintiff's incarceration.  (Pl.'s Opp., ECF No. 40 at 2.) Defendant Dr. Fox also granted Plaintiff's request for pain medication, but denied Plaintiff a "walker" to alleviate Plaintiff's low back pain via letter dated December 28, 2011.  (SAC at 3.)

Following his release from custody, Plaintiff consulted another VA doctor who gave his opinion that Plaintiff had "lost 30% disability of [his] left foot because of the improper treatment [given] by all defendants."  (SAC at 13.)

**PROCEDURAL HISTORY**

The SAC was brought on August 25, 2014.  Defendants filed motions to dismiss, Plaintiff filed oppositions and Defendants filed replies.  The matter was submitted without oral argument

2

on October 20, 2014.  (*See* ECF Nos. 35–50.)  The Court previously dismissed Plaintiff's complaints in full on Defendants' motions.  (*See* ECF Nos. 22, 34.)

**ANALYSIS**

The Court construes the SAC to assert: 1) various state law claims, predicated on negligence; and 2) various claims under 42 U.S.C. § 1983.[1]

**I.      State law claims**

Under the California Tort Claims ("CTCA"), a suit for money or damages may only be brought against a public entity once a written claim has been presented to the entity and the claim has been acted upon or rejected.  Cal. Gov. Code § 945.4.  "Timely compliance with the claim filing requirements and rejection of the claim by the governmental agency must be pleaded in a complaint in order to state a cause of action." *Dujardin v. Ventura County Gen. Hosp.* 69 Cal. App. 3d 350, 355 (9th Cir. 1977).  If a cause of action against a public entity is barred by the claims statute, an action against the public entity's employees, based on the same injury, is also barred.  Cal. Gov. Code § 950.2; *see also Watson v. State of California*, 21 Cal. App. 4th 838, 843 (1993) ("It is well settled that a government claim must be filed with the public entity before a tort action is brought against the public entity or public employee").  After a claim is rejected, an individual has six months from the date the notice is personally delivered or deposited in the mail to file a court action.  Cal. Gov. Code § 945.6.

To the FAC, Plaintiff attached a copy of the government claim form he submitted in October 2012 regarding the allegations above.  That claim was made against the City of Citrus Heights, the Citrus Heights Police Department, the Sacramento County Sheriff's office, Sacramento County, the Sacramento County Jail, and "Dr. Robert Fox".  That claim was presented to the City of Citrus Heights and rejected on October 17, 2012.[2]  Plaintiff alleges that

---

[1] The SAC specifically states: Count 1, Violations of 42 U.S.C. § 1983 – Deprivation of Civil Rights; Count 2, Violations of 42 U.S.C. § 1983 – Detention and Confinement without Providing Proper and Necessary Medical Care; Count 3, Violations of 42 U.S.C. § 1983 and Cal. Civ. Code § 3333, *et seq* – Negligence in Medical Treatment of the Plaintiff; and Count 4, Violations of 42 U.S.C. § 1983, Neglecting to Prevent Permanent Injury by Denial of Proper Medical Care.

[2] The Court was in error in its previous ruling (ECF No. 34 at 3) when it stated Plaintiff had not explained the outcome of this claim; Plaintiff had attached a copy of the claim rejection letter, dated October 17, 2012, to the FAC.  (ECF No. 23 at 14.)  It appears when Plaintiff alleges that Sacramento County rejected his claim, he is referring to his rejection letter from the City of Citrus Heights.  Is not clear what authority the City of Citrus Heights has regarding

"Sacramento County mailed their Notice of Rejection … to the Plaintiff on Nov. 2, 2012." (SAC at 1.) Plaintiff filed the instant lawsuit on May 24, 2013, which would be outside the six month statute of limitations, Cal. Gov. Code § 945.6. (*See* Not. of Removal, ECF No. 3.) Based on his allegations Plaintiff does not meet the statute of limitations for bringing his state law claims, thus, the claims in the SAC are dismissed.

**II.     Claims under 42 U.S.C. § 1983**

A. *Estelle v. Gamble*, 429 U.S. 97 (1976)

The Court interprets Plaintiff's complaint as an attempt to state allegations of deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment and 42 U.S.C. § 1983. For clarity, the Court states in full the guiding framework set forth by the Supreme Court for such claims:

> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under [§] 1983.
>
> …
>
> This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment. An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain.
>
> …
>
> Similarly, in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend

---

Plaintiff's claim as it relates Sacramento County.

"evolving standards of decency" in violation of the Eighth Amendment.

*Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976) (internal citations, alterations, footnotes omitted).

B. *Monell* liability

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep.'t of Social Servs.*, 436 U.S. 658, 694 (1978).

Here, the relevant allegations are that Plaintiff requested medical care several times per week, beginning on October 19, 2011, and continuing through April 17, 2012, and those requests went unheeded by medical personnel attending to Plaintiff while incarcerated.  (SAC at 2.)  What medical attention Plaintiff did receive was inadequate, including the treatment and/or evaluation given by Dr. Bauer and Dr. Fox.  Plaintiff has attached several dozen pages of documentation of his medical requests, which appear to be mostly California Department of Corrections ("CDC") paperwork.  (ECF No. 36, Ex.'s 1–3.)  In summary Plaintiff alleges: "The 50 or more requests for medical care and the lack of care to the plaintiff and the *ongoing refusal* of the County of Sacrament[o] and the California Department of Corrections to provide adequate medical care to Plaintiff are direct evidence of the 'policy, custom, and practice' on the part of the County of Sacramento and the California Department of Corrections to take steps to address the serious medical needs of the plaintiff."  (SAC at 2.)

It appears that Plaintiff was incarcerated at County-run jails – the Sacramento County Jail and the Rio Consumnes Correctional Center – until some point in October 2011 when he was transferred to the state-run Deuel Vocational Institute.  Defendant Sacramento County argues that the only medical documentation relevant to Plaintiff's time in County jails shows that Plaintiff was medically screened at intake; saw numerous medical providers between September 1, 2011 and September 9, 2011; and Plaintiff had an x-ray of his foot on September 14, 2011.  (ECF No. 36, Ex. 1 at 3–5.)  Defendant Bauer therefore moves to dismiss claims against the County on the basis that Plaintiff's allegations of an "ongoing refusal" of adequate medical care are mostly

5

directed at the State of California.

Plaintiff does not respond to this argument. Because it appears that most of the documentation Plaintiff does attach is CDC paperwork produced after he was transferred from County custody, and because Plaintiff does not plead non-conclusory allegations of an official policy or custom that is evidenced by his treatment while in County custody, Plaintiff has not adequately pled section 1983 claims against the County. Therefore, Plaintiff's claims against Sacramento County are dismissed.

C. <u>Defendants Dr. Bauer and Dr. Fox[3]</u>

As stated above, the allegations in the SAC against Defendant Dr. Bauer are that on September 7, 2011, Dr. Bauer "gave the [P]laintiff a pair of scissors and advised him to cut his own cast off and walk around the room without a support boot, a cane or any support whatsoever. Dr. Bauer advised Plaintiff that he did not need any support for his foot." (SAC at 3.) Plaintiff had also brought a "Cam boot" and a "bone stimulator machine" into County jail, given to him by VA doctors. After Plaintiff took off his cast, Dr. Bauer told Plaintiff he did not need either of these items, and that Plaintiff should discontinue use of his cane. (SAC at 12–13.) Dr. Bauer's medical advice and treatment were contrary to the instructions given by Plaintiff's VA doctor. After being transferred to Rio Consumnes Correctional Center, the hardware in Plaintiff's foot fell apart, causing the foot to become infected. (SAC at 3.)

The allegations in the SAC against Dr. Fox are that Plaintiff gave Dr. Fox a letter from his VA doctor stating that Plaintiff should receive a walking hard cast which should be non-weight bearing. Dr. Fox denied Plaintiff a walker. Plaintiff also states that Dr. Fox was a primary doctor treating and responsible for supervising Plaintiff's care. (SAC at 2–3, 5.)

These allegations in the SAC are largely the same as those in prior complaints, except the instant SAC also contains a detailed declaration from Plaintiff, and Plaintiff has attached documentation showing that he consistently sought medical care, which was allegedly inadequate. Defendants take issue with Plaintiff's interpretation of this attached documentation, but the Court

---

[3] The Court has previously construed Plaintiffs' claims to be brought against Dr. Fox and Dr. Bauer in their individual capacities. Plaintiff does not appear to take issue with this interpretation.

1  declines to conduct the more thorough factual consideration that would occur in resolving a
2  motion for summary judgment.

3  Simply put, the allegations are that Plaintiff had surgery on his foot prior to incarceration;
4  he was wearing a cast when he became incarcerated; he communicated his prior medical advice to
5  his physicians while incarcerated, which went unheeded; due to their indifference, the hardware
6  in his foot fell apart; and he is now permanently disabled. The Court acknowledges Defendants'
7  position that such allegations may be akin to those of malpractice or negligence, which are not
8  actionable under an Eighth Amendment / Section 1983 action. *Estelle*, 429 U.S. at 105–06.
9  However, in light of the more detailed information provided in the SAC and supporting exhibits,
10 and drawing the inferences in favor of Plaintiff, the Court finds Plaintiff adequately states a claim
11 for "deliberate indifference to serious medical needs" under the Eighth Amendment and Section
12 1983. *Id.* at 106.

13 The Court further notes, as a reference point, the following authorities cited by
14 Defendants: *Toguchi v. Chung*, 391 F.3d 1051 (9th Cir. 2004) ; *McGuckin v. Smith*, 974 F.2d
15 1050, 1057–58 (9th Cir. 1992); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242–43
16 (9th Cir. 2010); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); and *Simmons v. Navajo Cnty.*,
17 609 F.3d 1011, 1017 (9th Cir. 2010). Factual differences aside, all of these decisions were issued
18 in full or in part at the district court level pursuant to motions for summary judgment. The Court
19 views the present set of facts to constitute a plausible claim to relief if drawn in Plaintiff's favor,
20 and to give Defendants fair notice of the claims so that they may defend themselves effectively.
21 *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The factual inquiry Defendants seek is more
22 suitable at the summary judgment phase.

23   D.  Conclusion

24   Defendants' Motions to Dismiss are GRANTED IN PART and DENIED IN PART, as
25 follows:

26   • The Court finds that Plaintiff states a claim under the Eight Amendment and 42 U.S.C.
27     § 1983, against Defendants Dr. Fox. and Dr. Bauer. The Court does not find Plaintiff
28     states additional claims under other Constitutional provisions that are referenced in the

7

SAC, including the Fifth Amendment and the Fourteenth Amendment, and 42 U.S.C. §§ 1985, 1986, 1988, because Plaintiff does not plead an adequate factual basis or explain the legal grounding for bringing such claims.  Because Plaintiff has now failed three times to provide an adequate factual basis for bringing separate federal claims apart from his Eighth Amendment/Section 1983 claim, such claims are dismissed with prejudice.  *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809–10 (9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend").

- This Court previously dismissed Plaintiff's complaints insofar as they requested punitive damages.  In light of the more detailed information provided in the SAC and supporting exhibits, and drawing the inferences in favor of Plaintiff, the Court does not dismiss the SAC insofar as it makes a request for punitive damages.
- For the reasons stated above, Plaintiff's claims against Defendant County of Sacramento are dismissed with leave to amend one final time.
- For the reasons stated above, Plaintiff's claims under state law are dismissed with leave to amend one final time.

Plaintiff may file and serve a Third Amended Complaint within 30 days of entry of this order.  Defendants may file and serve a responsive pleading within 30 days of service of the Third Amended Complaint.

Dated:  October 27, 2015

Troy L. Nunley
United States District Judge